CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September, 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM).

| I. (a) PLAINTIFF | DEFENDANT |
|---|---|
| JOSEPH P. DiFELICE, Jr. | SEE ATTACHED |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF - Chester County, Pennsylvania (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT - Montgomery County, Pennsylvania (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NO.) SEE ATTACHED | ATTORNEYS (IF KNOWN) SEE ATTACHED |

**II. BASIS OF JURISDICTION** (Place an X in ONE BOX ONLY)

01 U.S. Government Plaintiff

X 3 Federal Question (U.S. Government Not a Party)

02 U.S. Government Defendant

0 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only) (Place an X in ONE BOX for Plaintiff and ONE BOX for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X1 | X1 | Incorporated or Principal Place of Business in this State | 0 4 | |
| Citizen of Another | 0 2 | 0 2 | Incorporated and Principal Place of Business in Another State | 0 5 | 0 5 |
| Citizen or Subject of a Foreign County | 0 3 | 0 3 | Foreign Nation | 0 6 | 0 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

ERISA preempts all of plaintiff's state law claims.

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 0110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 0610 Agriculture | 0422 Appeal | 0400 State |
| 0120 Marine | 0310 Airplane | 0 362 Personal Injury | 0620 Food & Drug | 28 USC 158 | Reapportionment |
| 0130 Miller Act | 0315 Airplane Product | Med Malpractice | 0630 Liquor Laws | 0423 Withdrawal | 0410 Antitrust |
| 0140 Negotiable Instrument | Liability | 0 365 Personal Injury | 0640 R.R. & Truck | 28 USC 157 | 0430 Banks & |
| 0150 Recovery of Overpay- | 0320 Assault, Libel & | Product Liability | 0650 Airline Regs | | Banking |
| ment & Enforcement | Slander | 0 368 Asbestos Personal | 0660 Occupational | | 0450 Commerce/ICC |
| of Judgment | 0330 Federal Employers' | Injury Product | Safety/Health | **PROPERTY RIGHTS** | Rates/etc. |
| 0151 Medicare Act | Liability | Liability | 0690 Other | | 0460 Deportation |
| 0152 Recovery of Defaulted | 0340 Marine | | | 0820 Copyrights | 0810 Selective Service |
| Student Loans | 0345 Marine Product | **PERSONAL** | | 0830 Patent | 0850 Securities/ |
| (Excl. Veterans) | Liability | **PROPERTY** | **LABOR** | 0840 Trademark | Commodities/ |
| 0153 Recovery of Overpay- | 0350 Motor Vehicle | 0 370 Other Fraud | | | Exchange |
| ment of Veteran's | 0355 Motor Vehicle | 0 371 Truth in Lending | 0710 Fair Labor Standards | | 0891 Agricultural Acts |
| Benefits | Product Liability | 0 380 Other Personal | Act | **SOCIAL SECURITY** | 0892 Economic |
| 0160 Stockholders' Suits | 0360 Other Personal | Property Damage | 0720 Labor/Mgmt. | | Stabilization |
| 0190 Other Contract | Injury | 0 385 Property Damage | Relations | 0861 HIA (1395FF) | Act |
| 0195 Contract Product | | | 0730 Labor/Mgmt. | 0862 Black Lung | 0893 Environmental |
| Liability | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Reporting & | (923) | Matters |
| | | | Disclosure Act | 0863 DIWC (405(g)) | 0894 Energy |
| **REAL PROPERTY** | 0441 Voting | 0 510 Motions to Vacate | 0740 Railway Labor Act | 0863 DIWW (405(g)) | Allocation Act |
| | 0 442 Employment | Sentence | 0790 Other Labor | 0864 SSID Title XVI | 0895 Freedom of |
| 0210 Land Condemnation | 0443 Accommodations | 28 USC 2255 | Litigation | 0865 RSI (405(g)) | Information Act |
| 0220 Foreclosure | 0444 Welfare | 0 530 Habeas Corpus | X0791 Empl. Ret. Inc. | | 0900 Appeal of Fee |
| 0230 Rent Lease & Ejectment | 0440 Other Civil | 0 540 Mandamus & Others | Security Act | | Determination |
| 0240 Torts to Land | Rights | 0 550 Civil Rights | | **FEDERAL TAX SUITS** | Under Equal |
| 0245 Tort Product Liability | | | | | Access to |
| 0290 All Other Real Property | | | | 0870 Taxes | Justice |
| | | | | 0871 IRS-Third Party | 0950 Constitutionality of |
| | | | | 28 USC 7609 | State Statutes |
| | | | | 0875 Customer | 0890 Other |
| | | | | Challenge | Statutory Actions |
| | | | | 12 USC 3410 | |

**VI. ORIGIN**  01 Original    x2 Removed from    03 Remanded from    04 Reinstated or    05 Transferred from    06 Multidistrict    07 Appeal to District Judge

Proceeding   X State Court         Appellate Court    Reopened    another district    Litigation    from Magistrate Judgment
                                                                  (specify)

**VII. REQUESTED IN**          CHECK IF THIS IS A **CLASS ACTION DEMAND** Check YES only if demanded in complaint:

**COMPLAINT:**      NO  0UNDER F.R.C.P. 23              **JURY DEMAND:** YES  X NO

**VIII. RELATED CASE(S) (See instructions): None**

IF ANY                              **JUDGE**                    **DOCKET NO.**

DATE June 3, 2002    SIGNATURE OF ATTORNEY OF RECORD    _Jonathan B. Sprague_
                                                        Jonathan B. Sprague

**List of Defendants**

Aetna/U.S. Healthcare
County of Residence:  Montgomery County

Ear, Nose and Throat Associates of
Chester County, Inc.
County of Residence:  Chester County

Michael Picariello, M.D.
County of Residence:  Not Known

Sarah Fowler, M.D.
County of Residence:  Not Known

Chester County Hospital
County of Residence:  Chester County

**List of Attorneys**

Jonathan B. Sprague, Esquire
Post & Schell, P.C.
1800 John F. Kennedy Bouelvard
19th Floor
Philadelphia, PA  19103

Counsel for Aetna/U.S. Healthcare
(215)  587-1155

James I. Devine, Esquire
Law Offices of James I. Devine
509 Swede Street
Norristown, PA  19401
(601)  292-9300

(Counsel for Plaintiff, Joseph V. DiFelice, Jr.)

Michael O. Pitt, Esquire
Kilcoyne & Associates, LLC
Hickory Point,
2250 Hickory Road
Plymouth Meeting, PA  19462
(610)  825-2833

(Counsel for Defendants Michael Picariello, M.D.,
Sarah Fowler, M.D., Ear, Nose and Throat
Of Chester County, Inc.).

Cathy A. Wilson, Esquire
White & Williams, LLP
1500 Lancaster Avenue
Paoli, PA 19301-1500
(610) 240-4712

(Counsel for Defendant, Chester County Hospital)

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA -DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff:    224 Summit House, West Chester, PA 19382

Address of Defendant:    Aetna/U.S. Healthcare, 980 Jolly Road, Blue Bell, PA 19422-0770; Michael Picariello, M.D. and Sarah Fowler, M.D., Ear, Nose and Throat Associates of Chester County, Inc., 80 West Welsh Pool Road, Suite 103, Exton, PA 19341; Chester County Hospital, 701 East Marshall Street, West Chester, PA 19380-4412.

Place of Accident, incident or Transaction:    As alleged in Plaintiff's Complaint: Chester County, PA

(Use Reverse Side for Additional Space)

Does this case involve multidistrict litigation possibilities:    Yes___    No X

RELATED CASE IF ANY -- NONE

Case Number:        Judge:            Date Terminated:

Civil cases are deemed related when yes is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier number suit pending or within one year previously terminated action in this court? | Yes ___ | No X |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ___ | No X |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? | Yes ___ | No X |

CIVIL: (Place an X in ONE CATEGORY ONLY)

A. Federal Question Cases:
   1. _ Indemnity Contract, Marine Contract, and All Other Contracts
   2. _ FELA
   3. _ Jones Act -Personal Injury
   4. _ Antitrust
   5. _ Patent
   6. _ Labor-Management Relations
   7. _ Civil Rights
   8. _ Habeas Corpus
   9. _ Securities Act(s) Cases
   10. _ Social Security Review Cases
   11. X All other Federal Question Cases
       (please specify): (ERISA)

B.    Diversity Jurisdiction Cases:
   1. _ Insurance Contract and Other Contracts
   2 _ Airplane Personal Injury
   3. _ Assault, Defamation
   4. _ Marine Personal Injury
   5. _ Motor Vehicle Personal Injury
   6. _ Other Personal Injury (Please specify)
   7. _ Products Liability
   8. _ Products Liability--Asbestos
   9. _ All other Diversity Cases
          (Please specify)

## ARBITRATION CERTIFICATION
(Check appropriate category)

I, Jonathan B. Sprague, counsel of record do hereby certify:

1.      XPursuant to Local Civil Rule 53.2, Section 3(c)(2), that, to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 exclusive of interest and cost;

2.      Relief other than monetary damages is sought.

DATE:  June 7, 2002

Jonathan B. Sprague, Esquire
Attorney I.D. #36802

**NOTE**: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P.38.

_____

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:  June 7, 2002

Jonathan B. Sprague, Esquire
Attorney I.D. #36802

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| JOSEPH P. DiFELICE, JR.<br><br>            Plaintiff,<br><br>        v.<br><br>AETNA/U.S. HEALTHCARE, et al.<br>            Defendants. | CIVIL ACTION NO. _02-_____ |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)   Habeas Corpus --Cases brought under 28 U.S.C. §2441
      through §2255.                                                                ( )

(b)   Social Security --Cases requesting review of a decision
      of the Secretary of Health and Human Services denying
      plaintiff Social Security Benefits.                                          ( )

(c)   Arbitration --Cases required to be designated for
      arbitration under Local Civil Rule 8.                                    ( )

(d)   Asbestos --Cases involving claims for personal injury
      or property damage from exposure to asbestos.                  ( )

(e)   Special Management --Cases that do not fall into
      tracks (a) through (d) that are commonly referred to as
      complex and that need special or intense management
      by the court. (See reverse side of this form for a detailed
      explanation of special management cases).                          ( )

(f)   Standard Management --Cases that do not fall into any
      one of the other tracks.                                                        ( X )

June 7, 2002
Date

_Jonathan B. Sprague_
Jonathan B. Sprague
Attorney for Aetna/U.S. Healthcare

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH P. DiFELICE, JR.**<br>**234 Summit House**<br>**West Chester, PA 19382** | :<br>:<br>: |
| | : **CIVIL ACTION NO. 02-** |
| | : |
| **Plaintiff,** | : |
| | : |
| **v.** | : |
| | : |
| **AETNA/U.S. HEALTHCARE and** | : |
| **MICHAEL PICARIELLO, M.D.   and** | : |
| **DR. SARAH FOWLER AND EAR, NOSE** | : |
| **& THROAT ASSOC. OF CHESTER** | : |
| **COUNTY, INC. AND CHESTER COUNTY** | : |
| **HOSPITAL** | : |
| | : |
| **Defendants.** | : |

## DEFENDANT AETNA/U.S. HEALTHCARE'S NOTICE OF REMOVAL

Defendant, AETNA/U.S. Healthcare ("Aetna") gives Notice of Removal of this Civil

Action from the Court of Common Pleas of Philadelphia County to this Court and states the

following:

     1.     This Civil Action is being removed to this Court based upon federal question

jurisdiction under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et

seq. ("ERISA").

     2.     Plaintiff, Joseph B. DiFelice, Jr. ("Plaintiff") filed a Complaint in the Court of

Common Pleas of Philadelphia County on or about May 8, 2002 against Defendants Aetna,

Michael Picariello, M.D., Dr. Sarah Fowler, Ear, Nose and Throat Assoc. of Chester County, Inc.

and Chester County Hospital ("the State Court Proceedings"). (A copy of the Complaint filed in

the State Court Proceedings is attached as Exhibit "A").

3.      Defendants, through counsel, received copies of the Complaint in the State Court Proceedings on or about May 10, 2002.

4.      This Notice of Removal is being filed within thirty (30) days from all Defendants' receipt of the Complaint. 28 U.S.C. § 1446(b).

5.      Plaintiff, in the Complaint, asserts a negligence claim against Aetna for refusing to approve, under an employee healthcare benefits plan, in which Plaintiff is a participant, the use of a specially designed tracheostomy tube and in insisting upon Plaintiff's discharge from Chester County Hospital in early November 2001 before Plaintiff's physician was planning to discharge plaintiff from the Hospital. (Complaint, ¶ 29) (Ex. "A").

6.      The challenged Plan administration decisions to deny benefits were made under an ERISA-governed employee healthcare benefits plan sponsored by Plaintiff's employer, B.G. Morrissey Inc. and provided and administered through Aetna.

7.      Plaintiff's claims against Aetna arise under the laws of the Untied States, in particular, Section 502 (a)(1)(B) of ERISA, 29 U.S.C. § 1132 (a)(1)(b).

8.      Section 514 (a) of ERISA, 29 U.S.C. §1144 (a), completely preempts plaintiff's state law claims asserted against Aetna in the Complaint.

9.      This Court has original jurisdiction over this Civil Action, without regard to the amount in controversy, under 28 U.S.C. §1331 and § 502 (a) (1) of ERISA, 29 U.S.C. §1132(a)(1), and all state law claims asserted against Aetna in the Complaint and thus removal to this Court under 28 U.S.C. §1441 (a) and (e) and/or under ERISA's complete preemption doctrine, without regard to the parties' citizenship, residences or places of incorporation.

10.    All Co-Defendants have concurred in, and consented to, Aetna's filing of this Notice of Removal and, as attachments here, submit to this Court, timely certifications of concurrence with, and consent to, this Notice of Removal. (Co-Defendants Certifications of Concurrence) (Ex. "B").

11.    This Civil Action is pending within the jurisdiction of the Eastern District of Pennsylvania.

12.    This Civil Action is removable, even without all Co-Defendants timely written consent to Aetna's Notice of Removal, because the claim against Aetna is "separate and independent" from the state law claims asserted against Co-Defendants. 28 U.S.C. § 1441(c).

WHEREFORE, Defendant AETNA/U.S. Healthcare requests that this Civil Action pending in the Court of Common Pleas of Philadelphia County and captioned Joseph P. DiFelice, Jr. v. Aetna/U.S. Healthcare, et al., February Term, 2002, No. 1758, be removed from that Court to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted:
**Post & Schell, P.C.**


By:    _Jonathan B. Sprague_
Jonathan B. Sprague, Esquire
1800 John F. Kennedy Boulevard
19th Floor
Philadelphia, PA 19103
(215) 587-1155

Dated: June 7, 2002              Attorney For Defendant,
                                 Aenta/U.S. Healthcare

-3-

**LAW OFFICES OF JAMES I. DEVINE**
BY:    JAMES I. DEVINE, ESQUIRE
ATTY. I.D. NO.  39270
509 SWEDE STREET
NORRISTOWN, PA  19401
(610) 292-9300

**ATTORNEY FOR PLAINTIFF**
JOSEPH DIFELICE

---

| | | |
|---|---|---|
| JOSEPH V. DIFELICE, JR. | : | COURT OF COMMON PLEAS |
| 234 Summitt House | : | PHILADELPHIA COUNTY |
| West Chester, PA  19382 | : | |
| | : | |
| v. | : | FEBRUARY TERM, 2002 |
| | : | NO.  1758 |
| AETNA/U.S. HEALTHCARE | : | |
| AND | : | |
| MICHAEL PICARIELLO, M.D. | : | |
| AND | : | |
| DR. SARAH FOWLER | : | |
| AND | : | |
| EAR, NOSE AND THROAT ASSOC. OF | : | |
| CHESTER COUNTY, INC. | : | |
| And | : | |
| CHESTER COUNTY HOSPITAL | : | JURY TRIAL DEMANDED |

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
   Lawyer Referral and Information Service
   1101 Market Street, 11th Floor
   Philadelphia, Pennsylvania 19107
   (215) 238-6300

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACIÓN DE LICENCIADOS DE FILADELFIA
   Servicio De Referencia E Información Legal
   1101 Market Street, 11th Floor
   Filadelfia, Pennsylvania 19107
   (215) 238-6300

**LAW OFFICES OF JAMES I. DEVINE**
BY:    JAMES I. DEVINE, ESQUIRE
ATTY. I.D. NO. 39270
509 SWEDE STREET
NORRISTOWN, PA  19401
(610) 292-9300

**ATTORNEY FOR PLAINTIFF**
JOSEPH V. DIFELICE, JR.

---

JOSEPH V. DIFELICE, JR.                :       COURT OF COMMON PLEAS
234 Summit House                       :       PHILADELPHIA COUNTY
West Chester, PA  19382                :
                                       :
            v.                         :       FEBRUARY TERM, 2002
                                       :       NO.  1758
AETNA/U.S. HEALTHCARE                  :
980 Jolly Road                         :
Blue Bell, PA  19422-0770              :
        AND                            :
MICHAEL PICARIELLO, M.D.               :
80 West Welsh Pool Road, Suite 103     :
Exton, PA  19341                       :
        AND                            :
DR. SARAH FOWLER                       :
80 West Welsh Pool Road                :
Exton, PA  19341                       :
        AND                            :
EAR, NOSE AND THROAT ASSOC. OF         :
CHESTER COUNTY, INC.                   :
80 West Welsh Pool Road, Suite 103     :
Exton, PA  19341                       :
        And                            :
CHESTER COUNTY HOSPITAL                :
701 East Marshall Street               :
West Chester, PA  19380-4412           :       JURY TRIAL DEMANDED

## COMPLAINT – MEDICAL MALPRACTICE – 2M

1.    The plaintiff, Joseph V. DiFelice, Jr., is an adult individual residing at 234 Summit House, West Chester, Pennsylvania  19382.

2.    Defendant, AETNA/US Healthcare is a corporation licensed to do business in business in Pennsylvania with an address of 980 Jolly Road, Blue Bell, Pennsylvania  19422, which company regularly conducts business in Philadelphia.

3.     Defendant, Michael Picariello, M.D., upon information and belief is a physician specializing in Ear, Nose and Throat Medicine with an office address of 80 West Welsh Pool Road, Suite 103, Exton, Pennsylvania. At the critical times as identified herein, Dr. Picariello was an actual employee, agent and shareholder of defendant, Ear, Nose and Throat Associates of Chester County, Inc, upon information and belief. Additionally, Dr. Picariello is the actual and/or ostensible agent of Chester County Hospital, which institution provided and assigned Dr. Picariello to Joseph V. DiFelice, Jr. in approximately March, 2001.

4.     Defendant, Sarah Fowler, M.D. upon information and belief is a physician specializing in Ear, Nose and Throat Medicine with an office address of 80 West Welsh Pool Road, Suite 103, Exton, Pennsylvania. At all times in reference to her involvement with Joseph V. DiFelice, Jr. Dr. Fowler was an ostensible agent of Chester County Hospital, upon whom Joseph relied to provide a competent ENT physician as well as an actual agent of Ear, Nose and Throat Associates of Chester County, Inc., upon information and belief.

5.     Defendant, Ear, Nose and Throat Associates of Chester County, Inc. ("ENTAC") upon information and belief is a professional corporation or similar business entity located 80 West Welsh Pool Road, Suite 103, Exton, Pennsylvania which at the critical and material times identified herein employed or engaged Dr. Picariello and Dr. Fowler as actual or ostensible employees and agents, upon information and belief.

6.     Chester County Hospital is, upon information and belief, a duly licensed hospital located at 701 East Marshall Street, West Chester, Pennsylvania. At all times material hereto, Chester County Hospital acted through its actual and/or ostensible agents

including Dr. Fowler, Dr. Picariello and several other physicians and nurses. Joseph V. DiFelice, Jr. relied upon Chester County Hospital to provide competent physicians and good medical care.

7.      In or about March, 2001, Joseph V. DiFelice, Jr. was diagnosed with sleep apnea/upper airway obstruction. At that time, he came under the care of Dr. Picariello through the Chester County Hospital, upon whom he relied to provide competent medical care.

8.      Later in 2001 after several attempts to address the sleep apnea/airway obstruction problem, including surgical procedures, Dr. Picariello confirmed that Joseph V. DiFelice, Jr. needed to have placed a tracheostomy tube to address Joseph's airway obstruction problem.

9.      Dr. Picariello thereafter performed the surgical placement of the tracheostomy tube on or about July 11, 2001 in Chester County Hospital.

10.     Following Dr. Picariello's surgical placement of the tracheostomy tube, the tracheostomy tube continually came out, resulting in Dr. Picariello telling Joseph that he needed a specially designed tube.

11.     Dr. Picariello then informed Joseph that he placed a special order for the specially designed tube and in the interim, Dr. Picariello placed an unsightly endotracheal tube.

12.     Thereafter, upon information and belief, Aetna/US Healthcare contacted Dr. Picariello and interfered with the care of Joseph V. DiFelice, Jr. by disallowing the recommended specially designed tracheostomy tube. Consequently, because of Aetna/US Healthcare's interference with Dr. Picariello's planned care of Joseph V.

DiFelice, Jr., Dr. Picariello instead surgically placed a different tube than that which he had planned, upon information and belief.

13.    On or about September 12, 2001, Dr. Picariello surgically placed the non-specially designed tube. As of the time of this surgery, Dr. Picariello was a shareholder and employee of ENTAC, upon information and belief.

14.    That tube inserted by Dr. Picariello on September 12, 2001 was inappropriate for Joseph V. DiFelice, Jr.'s anatomy and was placed in an improper manner resulting in the distal end entering Joseph's right bronchial passage. Dr. Picariello did not check the location and position of the tracheostomy tube after he placed it.

15.    Following the placement of that tube, Joseph began to experience severe right sided pain in his chest and surrounding area, which progressed.

16.    Joseph informed Dr. Picariello of the severe and progressive pain on several occasions and Dr. Picariello said that the pain was "not unexpected" and informed Joseph that he needed to get accustomed to the new tracheostomy tube.

17.    The pain worsened to the point where Joseph went to the Chester County Hospital Emergency Room on October 1, 2001 whose personnel called Dr. Picariello. After a period of time, Dr. Sarah Fowler, an ENT, came to assess Joseph. In the interim, an ER physician ordered a chest x-ray and informed Joseph that the terminal end of the tracheostomy tube was misplaced and in the right bronchial tree.

18.    Dr. Fowler asked Joseph if Dr. Picariello had performed a scope after placing the tracheostomy tube, and when Joseph informed her that Dr. Picariello had not done so, Dr. Fowler commented that he should have done so.

19. Dr. Fowler explained to Joseph that the internal part of the tracheostomy was too long when she informed him that the tube had extended into the right bronchial tree. During her emergency room care of Joseph, instead of replacing the tube with an appropriate tube, Dr. Fowler cut the existing trach tube twice to shorten the internal end of the trach tube placed by Dr. Picariello. After each cutting, Dr. Fowler requested and borrowed from Joseph's mother a nail file which Dr. Fowler used to try to smooth the edge of the cut tube placed internally. Dr. Fowler performed a scope procedure after inserting the tube on each occasion to identify its location. She cut the tube a second time because she determined that the terminal end of the tube was still too deep after the first cut and insertion.

20. Dr. Fowler informed Joseph that he would need to have another tube placed and that the lumen of the tracheostomy tube placed by Dr. Picariello was too small. Dr. Fowler did not work up Joseph for an infectious process or properly investigate the issue in response to Joseph's information to her about the pain he had experienced and was experiencing, despite Joseph having an elevated white blood cell count and laboratory evidence of infection.

21. Thereafter, on or about October 4, 2001, Joseph went to Dr. Ray Stoller, another ENT who informed Joseph that the tracheostomy tube lumen of the tube placed by Dr. Picariello was too small. On or about October 11, 2001, Dr. Stoller replaced the tracheostomy tube with a larger lumen tube.

22. In response to Joseph's information about the pain, Dr. Stoller suggested that Joseph see an orthopedist and Joseph was referred to Dr. Ronald Ziegler. Upon

examination, Dr. Ziegler concluded that Joseph most likely had an infection which required treatment.

23.     Thereafter, on approximately October 23, 2001, Joseph was admitted to Chester County Hospital for the work-up and treatment of the infection.

24.     On November 5, 2001, Joseph was discharged from Chester County Hospital at the insistence of Aetna/US Healthcare upon information and belief.

25.     Thereafter, Joseph was referred to physicians affiliated with the Hospital of the University of Pennsylvania where, with proper work-up, it was determined that Joseph had an infection which had progressed to an extensive soft tissue infection and bone infection.

26.     Joseph was thereafter admitted as an inpatient to the Hospital of the University of Pennsylvania where significant portions of his bone and tissue were removed in order to treat the extended infection.  Additionally, his pectoralis muscle was surgically reconfigured.

27.     As a consequence of the negligence, carelessness and liability imposing conduct of the defendants, Joseph V. DiFelice, Jr., has experienced significant pain and suffering, disfigurement, has had to undergo extensive surgery, lost parts of his natural anatomy, has incurred medical bills, has lost life's enjoyments, has had to take powerful pain medicines and has lost potential earning capacity.  All of Joseph V. DiFelice, Jr.'s losses are ongoing and permanent, upon information and belief.

## COUNT I
## JOSEPH V. DIFELICE, JR. V. AETNA/US HEALTHCARE

28.     Plaintiff incorporates paragraphs one (1) through twenty seven (27) as though set forth in full.

29.     The negligence, carelessness and liability imposing conduct of Aetna/US Healthcare, causing and increasing the risk of the aforementioned harm to Joseph V. DiFelice, Jr. which insurance company provided health care coverage to Joseph V. DiFelice, Jr. consisted of its interference with Joseph's medical care in September, 2001 by instructing Dr. Picariello that the specially designed tracheostomy tube he deemed necessary was medically unnecessary for Joseph V. DiFelice, Jr. and improperly interfering with Dr. Picariello's medical decision concerning the tracheostomy tube and insisting on Joseph V. DiFelice, Jr.'s discharge from the Chester County Hospital in early November, 2001 before his attending physician was planning on discharging Joseph.

WHEREFORE, plaintiff seeks judgment against the defendants, jointly and severally in an amount in excess of the arbitration limits, plus costs, interest and whatever damages the Court deems just.

## COUNT II
## JOSEPH V. DIFELICE, JR. V. DR. MICHAEL PICARIELLO

30.     Plaintiff incorporates paragraphs one (1) through twenty nine (29) as though set forth in full.

31.    The negligence and carelessness of Dr. Michael Picariello increasing the risk of harm and causing the aforementioned harm to Joseph V. DiFelice, Jr. consisted of the following:

a)    failure to insert an appropriate tracheostomy tube on July 11, 2001;

b)    failure to insert an appropriate tracheostomy tube on September 12, 2001;

c)    inserting the tracheostomy tube on September 12, 2001 in an improper way such that the distal end of the tube was situated in the right bronchial tree;

d)    failing to check the location of the September 12, 2001 inserted tracheostomy tube by appropriate tests/studies after he inserted it and again, after Joseph voiced complaints of right chest and related pain;

e)    failing to formulate a differential diagnosis for Joseph's reported complaints following the insertion of the tracheostomy tube on September 12, 2001 and failure to consider and rule out that Joseph had an infection;

f)    failure to timely refer Joseph to an appropriate specialist in reference to his complaints following the insertion of the tracheostomy tube on September 12, 2001;

g)    failure to refer Joseph to an appropriate specialist following Joseph's October 1, 2001 Emergency Room visit to Chester County Hospital where his associate, Dr. Fowler, provided care to Joseph.

WHEREFORE, plaintiff seeks judgment against the defendants, jointly and severally in an amount in excess of the arbitration limits, plus costs, interest and whatever damages the Court deems just.

## COUNT III – JOSEPH V. DIFELICE, JR. V. SARAH FOWLER, M.D.

32.    Plaintiff incorporates paragraphs one (1) through thirty one (31) as though set forth in full.

33.    The negligence and carelessness of Sarah Fowler, M.D. that caused and increased the risk of the aforementioned harm to Joseph V. DiFelice, Jr. consisted of the following:

a)    failure to formulate a differential diagnosis with respect to the complaints of pain Joseph reported to her on October 1, 2001 as having experienced following the September 12, 2001 tracheostomy tube insertion procedure;

b)    failing to consider and rule out infection as the cause of Joseph's report of right sided chest pain and related pain on October 1, 2001;

c)    failure to refer Joseph to an appropriate specialist in reference to his history, complaints of pain on October 1, 2001 and given the lab results;

d)    re-inserting the same tracheostomy tube into Joseph V. DiFelice, Jr. on October 1, 2001 knowing that the lumen size was too small and knowing that she had used Joseph's mother's nail filer to attempt to smooth the tube edges she had cut to shorten the tube;

e)    using Joseph's mother's nail file to attempt to smooth the edges of the tube she had cut;

f)       failing to insert the proper size and appropriate tracheostoy tube into Joseph V. DiFelice, Jr. on October 1, 2001.

WHEREFORE, plaintiff seeks judgment against the defendants, jointly and severally in an amount in excess of the arbitration limits, plus costs, interest and whatever damages the Court deems just.

## COUNT IV – JOSEPH V. DIFELICE, JR. V.
## EAR, NOSE AND THROAT ASSOCIATES OF CHESTER COUNTY, INC.

34.      Plaintiff incorporates paragraphs one (1) through thirty three (3) as though set forth in full.

35.      Ear, Nose and Throat Associates of Chester County, Inc. is responsible as a matter of law for the conduct of Dr. Picariello and Dr. Fowler while those physicians were its employees and/or agents.

WHEREFORE, plaintiff seeks judgment against the defendants, jointly and severally in an amount in excess of the arbitration limits, plus costs, interest and whatever damages the Court deems just.

## COUNT V – JOSEPH V. DIFELICE, JR. V. CHESTER COUNTY HOSPITAL

36.      Plaintiff incorporates paragraphs one (1) through thirty five (35) as though set forth in full.

37.      Chester County Hospital is responsible as a matter of law for the negligence and carelessness of its ostensible agents and/or actual agents Sarah Fowler, M.D. and Michael Picariello, M.D.

38.    The negligence and carelessness of Chester County Hospital, as a corporation and through its agents, servants and employees causing and increasing the risk of the aforementioned harm to Joseph V. DiFelice, Jr. consisted of the following:

a)    during the emergency room visit of October 1, 2001 and thereafter and during the hospitalization from October 23, 2001 to November 5, 2001, failure to properly work-up and treat Joseph V. DiFelice, Jr.'s infection;

b)    during the emergency room visit of October 1, 2001 and thereafter and during the hospitalization from October 23, 2001 to November 5, 2001, failure to order and perform appropriate tests and studies to determine the nature and extent of Joseph V. DiFelice, Jr.'s infection; and

c)    failure to promulgate and enforce policies and procedures concerning the formulation of differential diagnosis concerning infectious processes and the diagnosis of infectious processes by indicated tests and studies and the proper treatment of infectious processes.

WHEREFORE, plaintiff seeks judgment against the defendants, jointly and severally in an amount in excess of the arbitration limits, plus costs, interest and whatever damages the Court deems just.

LAW OFFICES OF JAMES I. DEVINE

BY:    _James I. Devine_____
        JAMES I. DEVINE
        Attorney for Plaintiff

11

## VERIFICATION

I, Joseph DiFelice, being duly sworn according to law, depose and say that I am the Plaintiff herein and that the facts set forth in the foregoing Complaint is true and correct to the best of my knowledge, information and belief.  I make the verification subject to the penalties of 18 Pa.C.S. 4909 relating to sworn falsification to authorities.

JOSEPH DIFELICE

WHITE AND WILLIAMS LLP
By:   Cathy A. Wilson, Esq.
        Michael T. Taylor, Esq.
Attorney I.D. No. 38761/82409
1500 Lancaster Avenue
Paoli, PA 19301
(610) 251-0466

COUNSEL FOR DEFENDANT,
THE CHESTER COUNTY HOSPITAL

---

| | | |
|---|---|---|
| JOSEPH DIFELICE | : | IN THE COURT OF COMMON PLEAS |
| vs. | : | PHILADELPHIA COUNTY |
| CHESTER COUNTY HOSPITAL, | : | FEBRUARY TERM, 2002 |
| AETNA/U.S. HEALTHCARE, | | |
| MICHAEL PICARIELLO, M.D., | : | NO. 001758 |
| SARAH FOWLER, M.D., and EAR, | | |
| NOSE AND THROAT ASSOC. OF | : | |
| CHESTER COUNTY, INC. | | |

---

## CONSENT TO REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BE IT KNOWN, that Defendant, THE CHESTER COUNTY HOSPITAL, by and

through its counsel, White and Williams, LLP hereby consents to the removal of the above

captioned matter, presently pending in the Philadelphia County Court of Common Pleas, to the

United States District Court for the Eastern District of Pennsylvania by Defendant AETNA /

U.S. Healthcare.

WHITE AND WILLIAMS LLP

BY: _____
CATHY A. WILSON
MICHAEL T. TAYLOR
COUNSEL FOR DEFENDANT,
THE CHESTER COUNTY HOSPITAL

Dated: *May 31, 2002*

KILCOYNE & ASSOCIATES, LLC.
BY:    MICHAEL O. PITT
ATTY ID. NO. 70139
SUITE 216, HICKORY POINTE
PLYMOUTH MEETING, PA  19462
(610) 825-2833

ATTORNEY FOR DEFENDANTS
Michael Picariello, M.D., Sarah
Fowler, M.D. and Ear, Nose and
Throat Assoc. of Chester County,
Inc.
184-632

| | | |
|---|---|---|
| JOSEPH DIFELICE | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY, PA |
| vs. | : | |
| | : | February Term, 2002, No. 01758 |
| AETNA/U.S. HEALTHCARE, et al. | : | JURY TRIAL DEMANDED |

## CONSENT TO REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BE IT KNOWN, that Defendants, Michael Picariello, M.D., Sarah Fowler, M.D. and Ear, Nose and Throat Associates of Chester County, Inc., by and through their counsel, Kilcoyne & Associates, LLC, hereby consent to the removal of the above-captioned matter, presently pending in the Philadelphia County Court of Common Pleas, to the United Sates District Court for the Eastern District of Pennsylvania by Defendant, AETNA/U.S. Healthcare.

*KILCOYNE & ASSOCIATES, LLC*

DATE: 6|5|02

MICHAEL O. PITT, ESQUIRE
Attorney for Defendants,
Michael Picariello, M.D.
Sarah Fowler, M.D. and
Ear, Nose and Throat Associates of
Chester County, Inc.

## CERTIFICATE OF SERVICE

I, Jonathan B. Sprague, Esquire, hereby certify that on this date I had served Defendant Aetna's Notice of Removal upon the following counsel of record by First class mail, postage prepaid:

James I. Devine, Esquire
Law Offices of James I. Devine
509 Swede Street
Norristown, PA  19401
(601)  292-9300

(Counsel for Plaintiff Joseph V. DiFelice, Jr.)

Michael O. Pitt, Esquire
Kilcoyne & Associates, LLC
Hickory Point,
2250 Hickory Road
Plymouth Meeting, PA  19462
(610)  825-2833

(Counsel for Defendants Michael Picariello, M.D.,
Sarah Fowler, M.D., Ear, Nose and Throat Associates
of Chester County, Inc.).

Cathy A. Wilson, Esquire
White & Williams, LLP
1500 Lancaster Avenue
Paoli, PA  19301-1500
(610)  240-4712

(Counsel for Defendant Chester County Hospital)

JONATHAN B. SPRAGUE, ESQUIRE

Date:  June 7, 2002