IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH V. DiFELICE, JR., | : |
| | : CIVIL ACTION NO. 02-3641 |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| AETNA/U.S. HEALTHCARE, et al., | : |
| | : |
| Defendants. | : |

## ORDER

AND NOW, this         day of                 , 2002, upon consideration of Defendant Aetna/ U.S. Healthcare's Motion to Dismiss the Negligence Claim asserted in Count I of the Complaint, and Plaintiff's Response, it is ORDERED that the Motion to Dismiss is granted and the negligence claim is dismissed with prejudice.

BY THE COURT:

_____
JOHN R. PADOVA, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH V. DiFELICE, JR.,** | : |
| | : CIVIL ACTION NO. 02-3641 |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| **AETNA/U.S. HEALTHCARE, et al.,** | : |
| | : |
| Defendants. | : |

**DEFENDANT AETNA/U.S. HEALTHCARE'S MOTION TO DISMISS
THE NEGLIGENCE CLAIM ASSERTED IN COUNT I OF THE COMPLAINT
ON ERISA-BASED "EXPRESS PREEMPTION" GROUNDS**

Defendant Aetna/U.S. Healthcare ("AETNA") moves for the dismissal, under Fed. R. Civ. P. 12 (b)(6), of the negligence claim asserted against it in Count I of the Complaint. This Court should dismiss the negligence claim on grounds of "express preemption" under § 514 (a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1144 (a).

The grounds for this Motion to Dismiss are set forth at length, and incorporated here, in Defendant AETNA's Supporting Brief, which accompanies this Motion.

This Court should dismiss, with prejudice, the negligence claim asserted against AETNA in Count I of the Complaint.

                                    Respectfully submitted:
                                    **Post & Schell, P.C.**

                                    By: _____
                                               Jonathan B. Sprague, Esquire
                                               Attorney I.D. #36802
                                               Amalia V. Romanowicz, Esquire
                                               Attorney I.D. #65412
                                               1800 John F. Kennedy Boulevard
                                               19th Floor
Dated: June 14, 2002                        Philadelphia, PA 19103
                                               (215) 587-1155

                                               Attorneys For Defendant,
                                               Aenta/U.S. Healthcare

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH V. DiFELICE, JR., | : |
| | : CIVIL ACTION NO. 02-3641 |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| AETNA/U.S. HEALTHCARE, et al., | : |
| | : |
| Defendants. | : |

**DEFENDANT AETNA/U.S. HEALTHCARE'S BRIEF IN SUPPORT OF MOTION TO DISMISS THE NEGLIGENCE CLAIM ASSERTED IN COUNT I OF THE COMPLAINT ON ERISA-BASED "EXPRESS PREEMPTION" GROUNDS**

I.  INTRODUCTION

Defendant Aenta/U.S. Healthcare ("Aetna") seeks the dismissal, under Fed. R. Civ. P. 12(b)(6), of Plaintiff Joseph V. DiFelice, Jr.'s ("Mr. DiFelice") denial-of-plan benefits negligence claim asserted directly against Aetna in Count I of the Complaint on "express preemption" grounds. Section 514(a) of ERISA, 29 U.S.C. § 1144(a). Third Circuit authority, Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266 (3d Cir. 2001) and Clay v. U.S. Healthcare, Inc., 2001 U.S. Dist. LEXIS 11180 (E.D. Pa. Aug. 1, 2001) (Ex. "2"), along with sister-Circuit authority -- Bast v. Prudential Ins. Co. of Am., 150 F.3d 1003 (9th Cir. 1998); Tolton v. American Biodyne, Inc., 48 F.3d 937 (6th Cir. 1995); and Corcoran v. United Healthcare, Inc., 965 F.2d 1321 (5th Cir. 1992) -- overwhelmingly establishes that ERISA expressly preempts the negligence claim.

Aetna's challenged plan benefit decisions -- denying Mr. DiFelice plan benefits or services involving a "specially designed tracheostomy tube" and "insisting" on Mr. DiFelice's allegedly premature discharge from Defendant Chester County Hospital in early November of 2001 -- fit within core decisions made by the HMO in determining Mr. DiFelice's benefits. The

negligence claim fundamentally relates to Mr. DiFelice's ERISA-governed employee benefit plan, and ERISA therefore expressly preempts this state law claim. 29 U.S.C. § 1144(a).

## II.  BACKGROUND

Mr. DiFelice participates in an employee welfare benefit plan through his employer, B.G. Morrissey Inc.. Aetna, an HMO, both provided and administered this health care benefits plan ("HMO Plan"). (HMO Plan) (Ex. "3"). The HMO Plan is an ERISA-governed employee welfare benefit plan as defined under ERISA. 29 U.S.C. § 1002(1)(A).

On May 8, 2002, Mr. DiFelice filed a "Medical Malpractice" Complaint in the Court of Common Pleas of Philadelphia County against Aetna (the "HMO Defendant"), Michael Picariello, M.D., Sarah Fowler, M.D. and Ear, Nose and Throat Associates of Chester County, Inc. (the "Physician Defendants") and Chester County Hospital (the "Hospital Defendant"). (Complaint) (Ex. "1," Ex. "A"). Aetna, with the written consent of counsel on behalf of all co-Defendants, filed a Notice of Removal on June 7, 2002. (Notice of Removal) (Ex. "1", Ex. "B").

The Complaint tells the following story. In March of 2001, Mr. DiFelice was diagnosed with "sleep apnea/upper airway obstruction." (Complaint, ¶ 7) (Ex. "A"). On January 11, 2001, Dr. Picariello, a physician specializing in ear, nose and throat ("ENT") medicine, surgically inserted a tracheostomy tube to alleviate Mr. DiFelice's "obstruction problem." (Id. at ¶¶ 8-9). The surgically inserted tracheostomy tube, however, "continually came out." (Id. at ¶ 10).

Dr. Picariello then ordered a "specially designed tracheotomy tube." (Id. at ¶¶ 11-12). Aetna, however, denied this plan benefit and disallowed the "recommended specially designed tracheostomy tube." (Id. at ¶ 12).

On September 12, 2001, Dr. Picariello surgically inserted a "non-specially designed tube" into Mr. DiFelice. (Id. at ¶ 13). Following the September 12th surgery, Mr. DiFelice experienced "severe" chest pain. (Id. at ¶15).

The chest pain worsened to the extent that Mr. DiFelice visited the Chester County Hospital Emergency Room on October 1, 2001. There, Dr. Fowler, an ENT physician, explained to Mr. DiFelice that the tracheostomy tube that Dr. Picariello surgically inserted on September 12 was "too long" and had extended into Mr. DiFelice's "right bronchial tree." (Id. at ¶ 19)

Although Dr. Fowler, during the ER visit, shortened the trach tube, she "did not work up [Mr. DiFelice] for an infectious process or properly investigate the issue in response to [Mr. DiFelice's] information to her about the pain he had experienced and was experiencing, despite [Mr. DiFelice] having an elevated white blood cell count and laboratory evidence of infection." (Id. ¶¶ 19-20).

On October 4, 2001, Mr. DiFelice visited another ENT physician, Dr. Stoller, who, on October 11, 2001, replaced the trach tube with a "larger lumen tube." (Id. at ¶ 21). At Dr. Stoller's suggestion, Mr. DiFelice than saw an orthopedist, Dr. Ziegler. (Id. at ¶ 22). Dr. Ziegler concluded that Mr. DiFelice had an infection that required treatment. (Id.). On October 23, 2001, Mr. DiFelice was admitted to Chester County Hospital for treatment of the infection. (Id. at ¶ 23).

On November 5, 2001, Mr. DiFelice claims that, at Aetna's insistence, he was discharged from Chester County Hospital. (Id. at ¶ 24). This discharge from Chester County Hospital in early November of 2001 allegedly occurred before Mr. DiFelice's attending physician was planning on discharging him. (Id. at ¶ 29).

After his discharge from Chester County Hospital, Mr. DiFelice was referred to physicians affiliated with the Hospital of the University of Pennsylvania ("HUP"). At HUP, "significant portions" of Mr. DiFelice's bone and tissue were removed in order to treat the infection and his "pectoral muscle was surgically reconfigured." (Id. at ¶¶ 25-26).

Based on these alleged events, Mr. DiFelice filed a five-count Complaint against the HMO, Physician and Hospital Defendants in state court. The negligence claim asserted directly (not vicariously) against Aetna in Count I of the Complaint states in full:

> 29. The negligence, carelessness and liability imposing conduct of Aetna/U.S. Healthcare, causing and increasing the risk of the aforementioned harm to Joseph V. DiFelice, Jr. **which insurance company provided healthcare coverage to Joseph V. DiFelice, Jr.** consisted of its interference with Joseph's medical care in September, 2001 by instructing Dr. Picariello that the specially designed tracheostomy tube he deemed necessary was medically unnecessary for Joseph V. DiFelice, Jr. and improperly interfering with Dr. Picariello's medical decision concerning the tracheostomy tube and insisting on Joseph V. DiFelice, Jr.'s discharge from the Chester County Hospital in early November, 2001 before his attending physician was planning on discharging Joseph.

(Id. at ¶ 29) (bold type added).

This direct liability claim, although couched in terms of common law negligence, is expressly preempted under § 514(a) because it is intimately connected to the decision made by Aetna in administrating claims under the ERISA benefit plan, which covered Mr. DiFelice. 29 U.S.C. § 1144(a).

### III.   ARGUMENT

    **A.   This Court Should Dismiss The Negligence Claim Asserted Directly Against Aetna In Count I Of The Complaint Under ERISA's Express Preemption Provision**

Section 514(a), ERISA's express preemption provision, provides that ERISA "shall supersede any and all State laws insofar as they . . . relate to any employee benefit plan" covered by ERISA. 29 U.S.C. § 1144(a). Section 514(a), in short, governs the law that will apply to state law claims regardless of whether the lawsuit is brought in state or federal court. Pryzbowski, 245 F.3d at 277.

Courts expansively apply ERISA's express preemption provision. Egelhoff v. Egelhoff, 522 U.S. 141, 121 S.Ct. 1322, 1327, 149 L.Ed. 22264 (2001) ("We have observed repeatedly that this broadly worded provision is 'clearly expansive'."); see also, Corcoran v. United Healthcare,

4

Inc., 965 F.2d 1321, 1332 (5th Cir.), cert denied, 113 S.Ct. 812 (1992). State laws relate to employee benefit plans and therefore are subject to § 514(a) preemption whenever these State laws have a connection with or reference to ERISA-governed plans. Shaw v. Delta Airlines, Inc., 463 U.S. 85, 96-97 (1983).

The Supreme Court, in New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 115 S.Ct. 1671, 131 L.Ed. 2d 695 (1995) ("Travelers"), provided lower courts with some guidance on where to draw the line between those state laws that are preempted and those that are not. Travelers instructed lower courts to make preemption decisions in light of ERISA's objective, which is "to avoid a multiplicity of regulation in order to permit nationally uniform administration of employee benefit plans." Id., 514 U.S. at 657.

Consistent with this regulatory "uniformity" purpose, state law claims asserted against an HMO that, acting within the scope of its plan administrative function, denies a plan participant's requested plan benefit or service, impermissibly "relates to" an employee benefit plan and is, therefore, expressly preempted. Claims against HMOs for denial of benefits, even when these state law claims are garbed in the cloak of common law negligence are preempted under § 514(a). Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47-48, 107 S.Ct. 1549, 95 L.Ed. 2d 39 (1987) (§ 514(a) preempted, among other things, claims of tortious breach of contract and fraud arising from denial of long term disability benefits); Bast, 150 F.3d at 1007-08 (9th Cir. 1998) (§ 514(a) preempted, among other things, a claim alleging bad faith denial of plan benefits); Tolton, 48 F.3d at 941-43 (6th Cir. 1995) (§ 514(a) preempted claims for wrongful death, medical malpractice and insurance bad faith based on a refusal to authorize treatment); Corcoran, 965 F.2d at 1331-34 (5th Cir. 1992) (§ 514(a) preempted a wrongful death action based on the negligent denial of benefits); Kuhl v. Lincoln Nat'l Health Plan of Kan. City, Inc., 999 F.2d 298, 302-03 (8th Cir. 1993) (§ 514(a) preempted common law claims, including medical malpractice,

arising from the HMO's cancellation of a plan beneficiary's surgery in an out-of-network hospital thereby delaying the beneficiary's receipt of treatment, which led to his death).

As the Third Circuit summarized in Pryzbowski, the rationale for these "denial-of-benefits" preemption decisions is that the plan administrator's challenged decision

> whether a requested benefit or service is covered by the ERISA plan **falls within the scope of the administrative responsibilities of the HMO** . . . and therefore relates to the employee benefit plan.

Id., 245 F.3d at 278-79 (bold type added).

From Pilot Life to Pryzbowski § 514(a) preempts state law claims, which, as here, allege that the HMO, as plan administrator, made improper plan benefits decisions. Case law nationally is in accord. See, e.g., Haynes v. SLS, Inc., No. 2:00CV215PB, Slip Op. at 5 (N.D. Miss. Sept. 28, 2001) (§ 514(a) preempts medical malpractice claims arising from HMO's delay in authorizing treatment for an infection) (Ex. "4"); Clay, 2001 U.S. Dist. LEXIS 11180, * 3-4 (E.D. Pa. Aug. 1, 2001) (§ 514(a) expressly preempts negligence claim against an HMO that disallowed, under an ERISA-based employee benefit plan, physical therapy sessions beyond the 60-day protocol) (Ex. "2").

In contrast to state law claims challenging an HMO's improper denial of plan benefits or the "quantity of care" (which § 514(a) preempts), are state law claims challenging the "quality of care" furnished by, for example, the HMO's physician-agents. These "quality of care" claims are not preempted. Pryzbowski, 245 F.3d at 279 (distinguishing between non-preempted "quality of care" claims and preempted "benefits administration" or "quantity of care" claims).

As this Court observed, claims, like Mr. DiFelice's negligence claim, involve "quantity of care" when they challenge "the plan administrator's activities in determining eligibility for benefits or calculating or disbursing benefits." Berger v. Livengrin Foundation, 2000 U.S. Dist. LEXIS 3832, *9-10 (E.D. Pa. Mar. 28, 2000) (Padova, J.) (Ex. "5"). The negligence claim here

is, at bottom, a challenge to Aetna's alleged failure to provide coverage for a "specially designed" trach tube and for hospitalization beyond a certain date.

The negligence claim against Aetna relates directly to Aetna's alleged refusal to provide coverage for (1) a specially designed tracheostomy tube and (2) Mr. DiFelice's continued hospitalization at Chester County Hospital beyond a certain date. These benefit disbursement decisions are inextricably bound up with Aetna's core function in administering claims for the Plan. Mr. DiFelice, at bottom, complains about benefit determination decisions that denied him health care supplies and services to which he believed he was entitled under the HMO Plan. Aetna's challenged conduct, then, falls squarely within its **administrative** function. The negligence claim is therefore preempted.

Case law in this Circuit, and elsewhere, agrees. Pryzbowski, 245 F.3d at 274-75, 280 (3d Cir. 2001) (distinction between "quality of care" and "benefits administration" issues are the same under both complete and express preemption doctrines; therefore, medical negligence and breach of contract claims challenging U.S. Healthcare's delay in approving a plan beneficiary's back surgery falls within the realm of the administration of benefits and all claims are completely preempted); Clay, 2001 U.S. Dist. LEXIS 11180, *2-4 (E.D. Pa. Aug. 1, 2001) (medical malpractice claim arising from U.S. Healthcare's alleged refusal to allow plan participant physical therapy sessions beyond the plan's 60-day protocol, and that this lack of continued treatment caused plaintiff pain and physical problems, was preempted by ERISA both completely and expressly) (Ex. "2"); Holdsworth v. Alleghany University Medical Practices at Hahneman Hospital, No. 00-2443, Slip Op. at 1-2 (E.D. Pa. July 21, 2000) (medical malpractice action against defendant HMO arising from its refusal to pay for a child's participation in studies at other hospitals, with the result that the child, who later died, was not accepted into either of these experimental treatment programs, is, at bottom, a claim for denial of benefits and is therefore completely preempted by ERISA) (Ex. "6"); Haynes, Slip Op. at 10 (N.D. Miss. Sept.

28, 2001) (ERISA expressly preempts medical malpractice claim arising from HMO's delay in approving plaintiff's hospitalization for a severe foot and lower leg infection) (Ex. "4"); and Krasny v. Wasser, No. 6:01-CV-405-Orl-31JGG, Slip Op. at 12-13 (M.D. Fla. June 25, 2001) (ERISA completely preempts medical malpractice claims against Aetna and its treating physician agents, arising from the fatal delay in approving decedent's CT scan because these claims are related to a denial of benefits under an employee benefit plan -- not just substandard medical care) (Ex. "7").

## IV. CONCLUSION

Section 514(a) of ERISA expressly preempts the direct negligence claim asserted against Aetna in Count I of the Complaint. This claim, at bottom, challenges Aetna's alleged failure to approve benefits and services under an ERISA-governed employee benefit plan. This Court, then, should dismiss Count I of the Complaint under Rule 12(b)(6) as expressly preempted.

Respectfully submitted:
**Post & Schell, P.C.**

By: _____
Jonathan B. Sprague, Esquire
Attorney I.D. #36802
Amalia V. Romanowicz, Esquire
Attorney I.D. #65412
1800 John F. Kennedy Boulevard
19th Floor

Dated: June 14, 2002

Philadelphia, PA 19103
(215) 587-1155

Attorneys For Defendant,
Aenta/U.S. Healthcare

8

## **CERTIFICATE OF SERVICE**

I, Jonathan B. Sprague, Esquire, certify that on this date I had served upon all counsel listed below Defendant Aetna/U.S. Healthcare's Motion to Dismiss the Negligence Claim Asserted in Count I of the Complaint on ERISA-Based "Express Preemption" Grounds and supporting Brief and proposed Order by first class mail, postage prepaid:

>James I. Devine, Esquire
>Law Offices of James I. Devine
>509 Swede Street
>Norristown, PA 19401
>(601) 292-9300
>
>(Counsel for Plaintiff Joseph V. DiFelice, Jr.)
>
>Michael O. Pitt, Esquire
>Kilcoyne & Associates, LLC
>Hickory Point,
>2250 Hickory Road
>Plymouth Meeting, PA 19462
>(610) 825-2833
>
>
>(Counsel for Defendants Michael Picariello, M.D., Sarah Fowler, M.D., Ear, Nose and Throat Associates of Chester County, Inc.).
>
>Cathy A. Wilson, Esquire
>White & Williams, LLP
>1500 Lancaster Avenue
>Paoli, PA 19301-1500
>(610) 240-4712
>
>(Counsel for Defendant Chester County Hospital)

Date: June 14, 2002

_____
JONATHAN B. SPRAGUE, ESQUIRE