IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH V. DIFELICE, JR. | : | CIVIL ACTION NO. 02-3641 |
| | : | |
| V. | : | |
| | : | |
| AETNA/U.S. HEALTHCARE, ET AL. | : | |

# **ORDER**

AND NOW, this            day of                        , 2002, upon consideration of plaintiff's motion to remand this case and any response thereto, it is hereby ORDERED that plaintiff's motion is GRANTED and this case is remanded to the Court of Common Pleas of Philadelphia County, Pennsylvania.

BY THE COURT:

_____
JOHN R. PADOVA,            J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH V. DIFELICE, JR. | : | CIVIL ACTION NO. 02-3641 |
| | : | |
| V. | : | |
| | : | |
| AETNA/U.S. HEALTHCARE, ET AL. | : | |

**PLAINTIFF'S MOTION TO REMAND**

1.    Plaintiff, Joseph V. DeFelice, Jr. moves the Court to remand this case, pursuant to 28 U.S.C. Section 1447 for lack of subject matter jurisdiction.

2.    The removal of this case by AETNA/U.S. Healthcare is premised upon a misconstruction of the plaintiff's claim against AETNA/U.S. Healthcare ("AETNA"). AETNA incorrectly asserts that plaintiff's complaint challenges AETNA's administrative decisions denying benefits to Joseph V. DiFelice, Jr. under his health benefit Plan, thus implicating ERISA, 29 U.S.C. Section 1132 (a)(1)(b).

3.    To the contrary, Joseph V. DiFelice, Jr.'s complaint alleges that AETNA improperly interfered with Mr. DiFelice's medical care with its medical decision-making that was inappropriate resulting in harm to Mr. DiFelice, for which he seeks monetary damages.

4.    The only federal jurisdictional basis invoked by AETNA is ERISA, 29 U.S.C. Section 1001, et seq.  If this Court determines that plaintiff's Complaint does not implicate ERISA, then there is no basis for federal jurisdiction.

WHEREFORE, plaintiff requests the Court to remand this case to the Court of Common Pleas of Philadelphia County, Pennsylvania.

                LAW OFFICES OF JAMES I. DEVINE

BY: _____
      JAMES I. DEVINE
      Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH V. DIFELICE, JR. | : | CIVIL ACTION NO. 02-3641 |
| | : | |
| V. | : | |
| | : | |
| AETNA/U.S. HEALTHCARE, ET AL. | : | |

PLAINTIFF'S MEMORANDUM
OF LAW IN SUPPORT OF REMAND MOTION

I.  INTRODUCTION

Presently before the Court is plaintiff's motion to remand this case to the Court of Common Pleas of Philadelphia County, Pennsylvania.  This case was removed to this Court on June 7, 2002 by AETNA/U.S. Healthcare ("AETNA") who incorrectly claims that the Complaint charges AETNA with violating ERISA, 29 U.S.C. Section 1001, et seq.  Plaintiff seeks a remand because the allegations in the Complaint do not involve ERISA and, as such, there is no basis for federal subject matter jurisdiction.

II.  BACKGROUND

On May 8, 2002, plaintiff's counsel mailed the state court Civil Action Complaint to defense counsel.  On June 7, 2002, AETNA's counsel filed this Notice of Removal.  In the Complaint, the plaintiff alleges that AETNA made improper treatment decisions regarding Joseph DiFelice's care, adversely affecting his health and resulting in harm to Mr. DiFelice.  See Complaint, attached hereto as Exhibit "A" at paragraphs 11-13, 23-24, 29.  Specifically, Paragraph 29 alleges the following:

29. The negligence, carelessness and liability imposing conduct of Aetna/US Healthcare, causing and increasing the risk of the aforementioned harm to Joseph V. DiFelice, Jr. which insurance company provided health care coverage to Joseph V. DiFelice, Jr. consisted of its interference with Joseph's medical care in September, 2001 by instructing Dr. Picariello that the specially designed tracheostomy tube he deemed necessary was medically unnecessary for Joseph V. DiFelice, Jr. and improperly interfering with Dr. Picariello's medical decision concerning the tracheostomy tube and insisting on Joseph V. DiFelice, Jr.'s discharge from the Chester County Hospital in early November, 2001 before his attending physician was planning on discharging Joseph.

In sum, in September, 2001, AETNA disagreed with Mr. DiFelice's physician that Mr. DiFelice required a specially-designed tracheostomy tube as treatment for his medical condition and, later, AETNA decided that Mr. DiFelice did not need continued hospitalization, resulting in his premature discharge.

III.   ARGUMENT

BECAUSE PLAINTIFF ASSERTS A STATE LAW MALPRACTICE CLAIM AGAINST AETNA, ERISA DOES NOT APPLY SO AS TO PRE-EMPT THE STATE LAW CLAIM

A participant of an ERISA-based health plan who is attempting to recover benefits owing under the plan or to enforce rights under the terms of the plan must proceed under ERISA's civil enforcement provisions. 29 U.S.C. Section 1332 (a)(1)(b). Claims of this nature are pre-empted by federal law. 29 U.S.C. Section 1144(a).

ERISA pre-emption applies to claims that challenge the administration of the plan, but not malpractice claims where the HMO is sued for its interference with the patient/insured's medical treatment by making mixed eligibility and treatment decisions that adversely affect the patient's health.

In Pegram v. Herdrich, 530 U.S. 211, 120 S.Ct. 2143 (2000), the United States Supreme Court held that when an HMO makes mixed eligibility and treatment decisions,

ERISA does not apply. 120 S.Ct. at 2154-55. The Court defined mixed eligibility and treatment decisions to be those decisions in which coverage and medical judgment are interwoven. Id. Examples of mixed-type decisions were cited by the Court, including a

> "physician's conclusions about when to use diagnostic tests; about seeking consultations and making referrals to physicians and facilities other than [the HMO's]; about proper standard of care, the experimental nature of a proposed course of treatment, the reasonableness of a certain treatment and the emergency character of a medical condition." Id. at 2155.

The Supreme Court recognized that HMO mixed eligibility decisions necessarily require an analysis of the medical standard of care so that federal pre-emption of mixed eligibility/treatment challenges would "federalize malpractice litigation". Id. at 2157-58.

Looking to the facts of this case, the decisions made by AETNA which Joseph DiFelice challenges are typical mixed eligibility/treatment decisions, quite analogous or identical to the mixed eligibility decisions that the Pegram Court identified as not pre-empted by ERISA: Joseph's challenge about AETNA's refusal to allow the specially designed tracheostomy tube recommended by Joseph's treating physician, resulting in the use of an inappropriate tube, involves a medical determination of how to effectively treat a patient whose standard tracheostomy tube continually extubates. Likewise, Joseph's challenge about AETNA's pressuring Joseph's physicians to discharge him from the hospital before they intended to do so involves a medical determination as to whether Joseph's condition warranted continued hospitalization. The recommended care by Mr. DiFelice's physicians was unquestionably covered under his health plan. It is the HMO's determination that Mr. DiFelice's condition did not warrant the recommended care that is being challenged by Mr. DiFelice. The holding in Pegram teaches that Mr. DiFelice's claims are not pre-empted.

Various courts have recognized in similar types of cases that ERISA pre-emption did not apply.  See, e.g., Pappas v. Asbel, 564 Pa. 407, 768 A.2d 1089 (2001) (A suit against an HMO for its decision disallowing transfer of an emergency room patient to one hospital while approving referral to others was not pre-empted by ERISA because the HMO decision was a mixed eligibility question); Lazorko v. Pennsylvania. Hospital, 237 F.3d 242, 249-50 (3d Cir. 2000) (suit against HMO for its failure to authorize hospitalization not pre-empted by ERISA); In re U.S. Healthcare, Inc., 193 F.3d 151, 164 (3d Cir. 1999), cert. denied, 530 U.S. 1242, 120 S. Ct. 2687 (2000) (suit against HMO with respect to policy of discharging newborn infants within 24 hours after delivery and failing to provide visiting nurse was not pre-empted by ERISA); Berger v. Livengrin Foundation, Civil Action No. 00-CV-501, 2000 WL 325957 (E.D. Pa. March 27, 2000) (claim against HMO for refusal to authorize in-patient treatment for alcoholism not pre-empted by ERISA).

In Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266 (3d Cir. 2001), the Court determined that a claim against an HMO challenging a delay in approving benefits with respect to an out-of-network provider for the patient/insured was pre-empted by ERISA because such a claim challenges a purely administrative function of an HMO.  As explained above, Mr. DiFelice's complaint challenges the HMO's treatment decisions that fall squarely within the mixed eligibility/treatment definition enunciated in Pegram.  Unlike Pryzbowski, there is no in-network versus out-of-network provider care issue in this case, which the Court held to be an administrative determination only.

As such, because there is no ERISA issue involved in this matter, the Court should remand this case to the state court.

IV.     CONCLUSION

For all of the reasons stated herein, plaintiff requests that the Court remand this case to the Court of Common Pleas of Philadelphia County because ERISA does not apply to this case.

                                        LAW OFFICES OF JAMES I. DEVINE


                            BY:     _____
                                        JAMES I. DEVINE
                                        Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH V. DIFELICE, JR. : | CIVIL ACTION NO. 02-3641 |
| : | |
| V. : | |
| : | |
| AETNA/U.S. HEALTHCARE, ET AL. : | |

## CERTIFICATE OF SERVICE

I do hereby certify that service of a true and correct copy of the within Motion to Remand was served to the following by first class mail:

Cathy A. Wilson, Esquire
White & Williams
1500 Lancaster Avenue
Paoli, PA 19301-1500

Michael O. Pitt, Esquire
Kilcoyne & Associates
Suite 216 – Hickory Pointe
Plymouth Meeting, PA 19462

Amalia Romanowicz, Esquire
Jonathan B. Sprague, Esquire
Post & Schell
1800 JFK Blvd.
19th Floor
Philadelphia, PA 19103

LAW OFFICE OF JAMES I. DEVINE

DATE: _____      BY: _____
                                JAMES I. DEVINE
                                Attorney for Plaintiff