```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JOSEPH V. DiFELICE, JR.          :       CIVIL ACTION
                                 :
         v.                      :
                                 :
AETNA/U.S. HEALTHCARE and        :
MICHAEL PICARIELLO, M.D., et al. :       NO. 02-3641
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                     July    , 2002

       Plaintiff asserts that this case was improperly removed from state court on the basis of ERISA preemption. The defendants contend that the action was properly removed, but that plaintiff's claims against the defendant Aetna/U.S. Healthcare should be dismissed. In my view, the case is squarely controlled by the Third Circuit's decision in *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266 (3d Cir. 2001).

       Plaintiff was suffering from sleep apnea and needed to have a breathing tube inserted into his trachea. Upon the first attempt, it became apparent that plaintiff would require a specially-designed tracheotomy tube but the defendant Aetna/U.S. Healthcare, his HMO, refused to authorize payment for such a device. The allegedly inadequate tube which was used slid into his bronchial tubes, causing an infection which, after a lengthy period of alleged misdiagnosis by various medical personnel, required invasive surgery. Plaintiff contends that all of the

medical and hospital defendants were guilty of malpractice.

Plaintiff brought suit against all of the defendants in the Philadelphia Court of Common Pleas, charging them with negligence.  Aetna/U.S. Healthcare removed the action to this court, with the consent of all of the defendants, on the ground of ERISA preemption.  Plaintiff filed a Motion for Remand, and Aetna/U.S. Healthcare filed a Motion to Dismiss.

The *Pryzbowski* case, *supra*, requires the conclusion that plaintiff's claims against Aetna/U.S. Healthcare are preempted by ERISA, since plaintiff is challenging Aetna's decision that the specially-designed tracheotomy tube was not covered by their Plan - a matter of the administration of the Plan - and Aetna/U.S. Healthcare was not involved in providing medical services to the plaintiff.  Plaintiff's negligence claim against Aetna/U.S. Healthcare must be dismissed.

Plaintiff's claims against the remaining defendants sound in malpractice, and are not preempted.  As to those defendants, this Court can exercise only supplemental jurisdiction, since there is no diversity of citizenship or other basis for federal jurisdiction.  Having dismissed the only claim as to which there might have been subject-matter jurisdiction, I conclude that it is appropriate to remand all the remainder of the case to the state court.  An Order to that effect follows.

```
                    IN THE UNITED STATES DISTRICT COURT
                  FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JOSEPH V. DiFELICE, JR.              :         CIVIL ACTION
                                     :
        v.                           :
                                     :
AETNA/U.S. HEALTHCARE and            :
MICHAEL PICARIELLO, M.D., et al.     :         NO. 02-3641
```

ORDER

AND NOW, this     day of July, 2002, upon consideration of plaintiff's Motion for Remand, and defendant Aetna/U.S. Healthcare's Motion to Dismiss, IT IS ORDERED:

1. The motion of defendant Aetna/U.S. Healthcare to dismiss plaintiff's complaint is GRANTED.  As to Aetna/U.S. Healthcare, this action is DISMISSED WITH PREJUDICE.

2. Plaintiff's Motion to Remand is GRANTED.  This action is REMANDED to the Philadelphia Court of Common Pleas.

                              _____
                              John P.  Fullam, Sr. J.